IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BELINDA THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Columbia County Superior Court |
| | ) Civil Action File No. 2012CV0423 |
| SHANNON ROLLINGS REAL ESTATE, LLC | ) __:12-CV-_____ |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO:   The Honorable United States District Court for the Southern District of Georgia, Augusta Division:

COMES NOW Defendant Shannon Rollings Real Estate, LLC ("Defendant"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, and hereby gives notice to this Court, the Clerk of the Superior Court of Columbia County, Georgia, and counsel for Plaintiff of the removal of the cause of action commenced in the Superior Court of Columbia County, Georgia, styled Belinda Thompson v. Shannon Rollings Real Estate, LLC, Civil Action File No. 2012CV0423, and respectfully shows unto the Court the following:

1.      On June 19, 2012, Plaintiff filed a summons and complaint against Defendant in the Superior Court of Columbia County, Georgia, the aforementioned Civil

Action No. 2012CV0423, a copy of which is attached hereto as Exhibit A.

    2.      The registered agent for Defendant, Brett Brannon, was served by the Sheriff on June 22, 2012. A copy of the Sheriff's entry of service is attached hereto as Exhibit B.

    3.      In her complaint, Plaintiff brings claims against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

    4.      The Court has original jurisdiction over Plaintiff's federal claim brought pursuant to 29 U.S.C. § 201 *et seq*. See 28 U.S.C. § 1331 and 29 U.S.C. § 216(b); see also Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 123 S.Ct. 1882, 155 L.Ed. 2d 923 (2003). Accordingly, these claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a), as well as § 1446.

    5.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), having been filed within thirty (30) days of receipt of the complaint.

    6.      Counsel for Defendant hereby certifies that this Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

    7.      In compliance with 28 U.S.C. § 1446(a), by attaching Exhibits A & B hereto, Defendant is filing copies of all process, pleadings, and orders served upon Defendant or filed in the Superior Court action.

    WHEREFORE, Defendant prays that the above-described action, pending in the Superior Court of Columbia County, Georgia, be removed to the United States District Court for the Southern District of Georgia, Augusta Division.

This 20th day of July, 2012.

s/Dorothy H. Hogg
ROBERT C. HAGLER
Georgia Bar No. 316875
DOROTHY H. HOGG
Georgia Bar No. 080199
Attorneys for Defendant

OF COUNSEL:
FULCHER HAGLER LLP
Post Office Box 1477
Augusta, GA  30903-1477
(706) 724-0171
rhagler@fulcherlaw.com
dhogg@fulcherlaw.com

IN THE SUPERIOR COURT OF COLUMBIA COUNTY

STATE OF GEORGIA

BELINDA THOMPSON

CIVIL ACTION, 2012CV0423
NUMBER

PLAINTIFF

VS.

SHANNON ROLLINGS REAL ESTATE, LLC

DEFENDANT

2012 JUN 19  PH 3: 58
CINDY MASON CLERK
COLUMBIA COUNTY GEORGIA
CLERK OF SUPERIOR &
JUVENILE COURTS
FILED FOR RECORD

# SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Jason W. Blanchard
> Tucker, Everitt, Long, Brewton & Lanier
> P.O. Box 2426
> Augusta, GA 30903

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____19th_____ day of _____June_____, 20 12 .

CINDY MASON
Clerk of Superior Court

By _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

EXHIBIT

A

ALL-STATE LEGAL®

SERVICE
COPY

JAMES G. BLANCHARD JR.

CLERK OF SUPERIOR &
JUVENILE COURTS
IN THE SUPERIOR COURT OF COLUMBIA COUNTY    FILED FOR RECORD

STATE OF GEORGIA                    2012 JUN 19 PM 3: 58

CINDY MASON CLERK
COLUMBIA COUNTY GEORGIA

BELINDA THOMPSON                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )       Civil Action File Number
                                    )
SHANNON ROLLINGS REAL ESTATE, LLC   )       2012CV0423
                                    )
        Defendant.                  )       JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW Plaintiff Belinda Thompson ("Plaintiff" or "Ms. Thompson"), by and

through her attorneys, and files this Complaint against Defendant Shannon Rollings Real Estate,

LLC ("Defendant" or "SRRE") (Plaintiff and Defendant are hereby referred to collectively as the

"Parties" or as a "Party"), alleging the following facts and claims, and shows this Court as

follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Belinda Thompson is a South Carolina resident who performed work for

Defendant SRRE in both South Carolina and in Georgia.

2.

Defendant Shannon Rollings Real Estate, LLC is a South Carolina entity that is registered

to do business in Georgia, regularly does business in Georgia, and may be personally served with

this Summons and Complaint through its registered agent in Georgia, Brett Brannon, 702 Rincon

Abbey Court, Martinez, Georgia 30907.


SERVICE
COPY

JAMES G. BLANCHARD JR.

3.

As a business registered to do business in Georgia with its registered agent located in Columbia County, Defendant SRRE is subject to the jurisdiction and venue of this Court. Further, this Court is a court of proper jurisdiction pursuant to 29 U.S.C. § 216(b).

**FACTUAL BACKGROUND**

4.

On or about September 29, 2011, Plaintiff Thompson began working for Defendant SRRE.

5.

Plaintiff Thompson's regular rate of pay for work performed for Defendant SRRE was $16 per hour.

6.

Plaintiff Thompson's employment with Defendant SRRE ended on April 26, 2012.

7.

Between September 29, 2011 and April 26, 2012 (the "Period of Employment"), Plaintiff Thompson worked for Defendant SRRE in a position referred to by SRRE internally as a closing coordinator.

8.

Plaintiff Thompson's duties as a closing coordinator included the following responsibilities: (a) to perform tasks given to her by Shannon Rollings, Robert Rollings, and other employees of SRRE, (b) to communicate with third-parties in order to assist SRRE with the closing of real estate sales contracts, (c) to attending inspections of real estate, (d) to attend

Page 2 of 8

showings/viewings of real estate, (e) to prepare and gather the documents required for closing of the real estate sales contracts obtained by the licensed real estate agents of SRRE (f) to deliver documents required for closing of the real estate sales contracts to the attorney performing the closing.

9.

During Plaintiff Thompson's Period of Employment with SRRE, Plaintiff Thompson was not a licensed real estate agent.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY MINUMUM WAGES AND OVERTIME WAGES

10.

Plaintiff Thompson hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

11.

The Fair Labor Standards Act, codified at 29 U.S.C. § 201, et seq., provides that every employer shall pay its employees at least the minimum wage set forth in 29 U.S.C. § 206 for all hours worked.

12.

The Fair Labor Standards Act also provides, as set forth in 29 U.S.C. § 207, that no employer shall employ any employee for a workweek longer than forty hours unless such employee receives compensation for her employment in excess of the forty hours above specified at a rate not less than one and one-half times the regular rate at which she is employed.

Page 3 of 8

13.

Plaintiff Thompson was expected to attend inspections of real estate after normal business hours, to attend viewing/showing of real estate after normal business hours, and to communicate with third-parties whenever necessary in order to assist SRRE with the closing of -real estate contracts.

14.

In performing her job duties, Plaintiff Thompson worked nights and weekends, in addition to working normal business hours, on a weekly basis.

15.

SRRE was aware that Plaintiff Thompson worked regular business hours, nights, and weekends in order to meet the obligations of her job.

16.

Plaintiff Thompson averaged 60 per week during the Period of Employment.

17.

SRRE and Robert Rollings informed Plaintiff Thompson that it would "catch her up" through the implementation of a commission based structure in addition to the $16 per hour Plaintiff Thompson was being paid. SRRE and Robert Rollings never fulfilled their promises to Plaintiff Thompson and used this promise of more money to induce Plaintiff Thompson to continue working for wages below that required by federal law.

18.

Upon information and belief, SRRE and Robert Rollings used the scheme of making similar promises of implementing a commission based structure to other employees in order to

induce its employees to continue working for wages below that required by federal law and continues to employ similarly situated employees at rates below that required by federal law.

19.

SRRE paid Plaintiff Thompson at a flat amount of 40 hours per week at a wage of $16 per hour.

20.

Plaintiff Thompson was not paid by SRRE for hours worked in excess of 40 hours per week at either the minimum wage or overtime rate.

21.

Plaintiff Thompson was not compensated at all for hours worked in excess of 40 hours per week; however, SRRE docked Plaintiff Thompson's pay for time missed from work.

22.

Plaintiff Thompson was not exempt from the minimum wage or overtime requirements of the Fair Labor Standards Act.

23.

Plaintiff Thompson was never paid based on commission.

24.

Plaintiff Thompson is owed compensation for approximately 560 hours of overtime for which she was not paid any wage.

25.

Plaintiff Thompson's regular rate of pay was $16 per hour and her overtime rate, set by law as one and one-half times the regular rate of pay, is $24 per hour.

26.

Plaintiff Thompson demanded that SRRE pay her overtime wages.

27.

Plaintiff Thompson's demand that SRRE pay her overtime was refused by SRRE without explanation.

28.

Plaintiff Thompson is due $13,440 in overtime wages for 560 unpaid hours of overtime at a rate of $24 per hour.

29.

SRRE is an employer that has failed to pay overtime in accordance with the Fair Labor Standards Act.

30.

Plaintiff Thompson is also due an additional $13,440 in liquidated damages as provided by 29 U.S.C. § 216 as SRRE is an employer that has failed to pay overtime in accordance with the Fair Labor Standards Act.

31.

Plaintiff Thompson is also due the attorney's fees and costs of suit incurred by her in bringing and pursuing this suit to recover her unpaid overtime under the Fair Labor Standards Act. Plaintiff Thompson's legal fees will continue to increase until the case is finally adjudicated. Plaintiff Thompson has notified Defendant SRRE that she intends to seek payment of her attorney's fees and costs of suit and that an early resolution of her claim through payment of the wages she is rightfully owed would suspend the need for additional attorney's fees and costs.

32.

Defendant SRRE has been stubbornly litigious in refusing to pay Plaintiff Thompson any amount for overtime wages even after being put on notice that Plaintiff Thompson intends to seek attorney's fees and costs of suit.

33.

Upon information and belief, Defendant SRRE has failed to make, keep and preserve the records required by 29 U.S.C. § 211(c).

WHEREFORE, Plaintiff Thompson respectfully request that this Court:

(1) Award Plaintiff Thompson $13,440 in unpaid wages;

(2) Award Plaintiff Thompson $13,440 in liquidated damages as required by 29 U.S.C. § 216;

(3) Award Plaintiff Thompson all litigation expenses incurred in bringing this action, including reasonable attorney fees and costs of suit in an amount to be shown at trial;

(4) Award Plaintiff Thompson all other actual, general, special, incidental, statutory, and consequential damages to which she is entitled, including but not limited to pre-judgment and post-judgment interest on such monetary relief;

(5) Enter a judgment granting Plaintiff Thompson such other, further and different relief as this Court may deem just, equitable and proper; and

(6) Grant Plaintiff Thompson a trial by jury.

This 19th day of June, 2012.

Respectfully submitted,
TUCKER, EVERITT, LONG, BREWTON &
LANIER

Jason W. Blanchard
State Bar No. 105620
Attorney for Plaintiff Thompson

Post Office Box 2426
Augusta, Georgia 30903
706-722-0771

202-11588

Case No. __2012CV0423__

Date Filed __10-19-12__

Juvenile Court ☐
State Court ☐
Superior Court ☒
Georgia, Richmond County
COLUMBIA

BELINDA THOMPSON

Plaintiff

VS.

SHANNON ROLLINGS REAL ESTATE, LLC

Defendant

Garnishee

Attorney's Address

Jason W. Blanchard
Tucker, Everitt, Long, Brewton & Lanier
P.O. Box 2426
Augusta, GA 30903

Name and Address of Party to be Served

SHANNON ROLLINGS REAL ESTATE, LLC
~~c/o BRETT BRANNON, REGISTERED AGENT~~
702 RINCON ABBEY COURT
~~MARTINEZ, GA~~ ~~30907~~
30907

Served at, 715 Evans to Locks Rd,
Evans, GA 30809

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hand of _____ described as follow age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant Shannon Rollings Real Estate, LLC a corporation by leaving a copy of the within action and summons with Reg. Agent Brett Brannon in charge of this office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This __22__ day of __June__, __2012__
Time __1205__

RECEIVED
JUN 2 0 2012
COLUMBIA COUNTY
SHERIFF'S OFFICE

G. JEFF 253

SHERIFF DOCKET __26__ PAGE __375__

RECORDED & SCANNED IN
MINUTES __11.6. 25.12__

DEPUTY

EXHIBIT
6

ALL-STATE LEGAL

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served on opposing counsel this 20th day of July, 2012, by depositing same in the United States Mail with sufficient postage attached thereto to ensure delivery, addressed as follows:

> Jason W. Blanchard
> Tucker, Everitt, Long, Brewton & Lanier
> P.O. Box 2426
> Augusta, GA 30903

and via hand-delivery to:

> The Honorable Cindy Mason
> Clerk of Court, Columbia County
> 640 Ronald Reagan Drive
> Evans, GA 30809

> s/Dorothy H. Hogg
> DOROTHY H. HOGG