IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BELINDA THOMPSON,            *
                             *
     Plaintiff,              *
                             *
          v.                 *          CV 112-102
                             *
SHANNON ROLLINGS REAL        *
ESTATE, LLC,                 *
                             *
     Defendant.              *

O R D E R

Presently pending before the Court are the parties' Motion to Seal Settlement Agreement (doc. no. 16), Joint Motion to Stay Discovery Pending Approval of Settlement (doc. no. 17), and Joint Motion for Approval of Settlement Agreement (doc. no. 18). Plaintiff filed suit against Defendant seeking to recover unpaid overtime compensation allegedly withheld in violation of the Fair Labor Standards Act ("FLSA"). The parties have entered a settlement agreement and are currently requesting that the Court file the agreement under seal, stay discovery, and approve the settlement agreement.

Unlike private settlement agreements, FLSA settlement agreements are approved by a court and become part of the judicial record. Webb v. CVS Caremark Corp., No. 5:11-CV-106, 2011 WL 6743284, at *1 (M.D. Ga. Dec. 23, 2011). Therefore, they are subject to the presumption of public access to the judicial

record. Id. The presumption of public access is even stronger where, as here, the documents "directly affect" adjudication, and the rights at issue are of a "private-public character." Id. "Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employers and their employees would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being." Id. at *2 (quotations omitted); see also Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010) ("Sealing an FLSA settlement . . . thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace."). In summary, there is a "strong presumption" in favor of keeping settlement agreements in FLSA cases unsealed and available for public view. Hens v. Clientlogic Operating Corp., No. 05-CV-381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010) (collecting caselaw from numerous circuit and district courts affirming this principle).

Courts, however, should consider whether compelling reasons justify sealing the record and outweigh the interest in public access. Id. at *3; Webb, 2011 WL 6743284, at *2. Here, the parties argue that the settlement agreement should be sealed because: (1) disclosure of the settlement amount would have a "chilling effect and discourage settlement," and (2) the parties are amenable to sealing the settlement agreement and have agreed to keep the terms of the settlement confidential. Hypothetical,

2

speculative, and conclusory suppositions do not justify sealing an FLSA settlement agreement. Hens, 2010 WL 4340919, at *3. The alleged "chilling effect" of disclosing the settlement amount here is entirely conclusory and does not justify sealing the agreement. As to the second reason given, an "overwhelming majority of district courts [have found] that a stipulation to seal does not outweigh the strong presumption of public access to an FLSA settlement agreement." Id. (denying motion to seal agreement where confidentiality was a material condition of the settlement). Therefore, the parties' stipulation to seal does not justify sealing the FLSA settlement agreement in this case. Without a more specific and compelling reason, the Court has no choice but to deny the present motion to seal.

The parties rely on Walker v. Dolgencorp, LLC, No. 5:09-CV-16, 2010 U.S. Dist. LEXIS 34759 (M.D. Ga. Apr. 8, 2010) (permitting parties to file FLSA agreement under seal for a limited period of eighteen months where parties "expressed concern about the settlement amount becoming public record, which could have a chilling effect on their ability to settle hundreds of outstanding FLSA cases between Defendant and its current and former employees"). However, a more recent opinion in that district has rejected the argument that making a FLSA settlement agreement public would hinder settlement of other FLSA claims being litigating against the defendant by its other employees. See Webb, 2011 WL 6743284, at *2 (denying motion to seal). In

conclusion, the Motion to Seal Settlement Agreement (doc. no. 16) is **DENIED**.

In light of the Court's ruling that it will not seal the settlement agreement, the agreement's confidentiality provision is likely to be unenforceable. See Webb, 2011 WL 6743284, at *3. Since the confidentiality provision is expressly designated as material to the agreement and not severable, the Joint Motion for Approval of Settlement Agreement (doc. no. 18) is **DENIED**, and the parties will be provided an opportunity to revise the terms of the agreement in accordance with this Order. The Court notes that should the parties move for approval of an amended settlement agreement, the Court will rule on the fairness of the release provision and the reasonableness of attorney's fees at that time. The amended agreement must comply with applicable law. See, e.g., id. at *3-4 (discussing limits on pervasiveness of release clauses in FLSA settlement agreements); Silva v. Miller, 547 F. Supp. 2d 1299, 1304-07 (S.D. Fla. 2008) (rejecting 40% contingency fee agreement in settlement of FLSA case), aff'd, 307 Fed. Appx. 349 (11th Cir. 2009); Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (requiring motion to approve settlement agreement to represent "that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff" and to make "full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims").

Based on the foregoing, the Motion to Seal Settlement Agreement (doc. no. 16) and the Joint Motion for Approval of Settlement Agreement (doc. no. 18) are **DENIED**. Within **twenty-one (21) days** of the date of this Order, the parties must: (1) file on the public docket a second motion for approval of settlement agreement with an amended agreement appended, or (2) submit a report setting forth the status of settlement discussions and proposing an amended discovery schedule. The motion to stay discovery (doc. no. 17) is **GRANTED IN PART**, and discovery is hereby **STAYED** for **twenty-one (21) days**.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of October, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA