## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made effective as of the date of the last signature appearing on the signature page below ("Effective Date") by the following parties: (a) Belinda Thompson ("Plaintiff" or "Ms. Thompson"), as the party of the first part, and (b) Shannon Rollings Real Estate, LLC ("SRRE" or "Defendant"), as the party of the second part. The Plaintiff and the Defendant are collectively referred to as the "Parties" and individually as a "Party." This Agreement is a compromise settlement and release whereby the Parties hereto mutually extinguish certain rights and obligations while creating new rights and obligations. For purposes of this Agreement and all notices hereunder, Plaintiff's counsel of record is Jason W. Blanchard and the law firm of Tucker, Everitt, Long, Brewton & Lanier; Defendant's counsel of record is Dorothy H. Hogg and the law firm of Fulcher Hagler LLP.

### RECITALS

WHEREAS, on June 19, 2012, counsel for Ms. Thompson filed a Complaint and Jury Demand against Defendant SRRE (the "Complaint") in the Superior Court of Columbia County, Georgia captioned as <u>BELINDA THOMPSON v. SHANNON ROLLINGS REAL ESTATE, LLC</u>, Civil Action File Number 2012CV0423 (the "Original Civil Action"), in which Ms. Thompson sought overtime wages in accordance with the Fair Labor Standards Act.

WHEREAS, on July 20, 2012, counsel for Defendant SRRE removed the Original Civil Action to the United States District Court for the Southern District of Georgia (the

Initial

Initial

Page 1 of 12

EXHIBIT

A

"District Court"), and the case was captioned as BELINDA THOMPSON v. SHANNON ROLLINGS REAL ESTATE, LLC, Civil Action Number 1:12-cv-00102-JRH (the "Removed Civil Action") and assigned to Judge J. Randal Hall;

WHEREAS, on July 20, 2012, Defendant SRRE filed an Answer with the District Court and asserted defenses to the Removed Civil Action, including a defenses which asserted that Plaintiff was exempt from the overtime requirements of the Fair Labor Standards Act and disputed the amount of overtime hours claimed by Plaintiff.

WHEREAS, The Parties filed the Rule 26(f) Report on August 8, 2012. Since conferring as required by Rule 26, the Parties have engaged in discovery; discovery is set to close on December 7, 2012 per the District Court's Scheduling Order of August 17, 2012.

WHEREAS, the Parties wish to resolve the Civil Action and have the District Court approve this settlement as a fair and reasonable compromise of a bona fide dispute; and

WHEREAS, this Agreement sets forth the terms and conditions of the settlement, compromise and release of all judgments, awards, claims and disputes that the Parties have against each other whether known or unknown, disputed or undisputed, arising out of the Civil Action and the subject matter of the causes of action therein;

NOW, THEREFORE, in consideration of the promises and the mutual agreements contained herein, subject to the approval of this Agreement by the District Court, the Parties do hereby agree as follows:

Initial

Initial

SECTION 1.  Lump-Sum Payment and Dismissal with Prejudice

1.1     Within ten (10) days of the approval of this Agreement by the District Court, Defendant SRRE agrees to pay a total of Twenty-Nine Thousand Dollars ($29,000.00) (the "Settlement Amount") in full settlement of the Removed Civil Action, with said Settlement Amount to be paid by two separate checks.  The first check shall be payable to Tucker, Everitt, Long, Brewton & Lanier, as attorneys for Plaintiff Thompson, in the amount of Fifteen Thousand Dollars ($15,000).  The second check shall be made payable to Plaintiff Thompson directly in the amount of Fourteen Thousand Dollars ($14,000) and delivered to Tucker, Everitt, Long, Brewton & Lanier, as attorneys for Plaintiff Thompson.  The $29,000 Settlement Amount is comprised of Seven Thousand Dollars ($7,000) of overtime wages, Seven Thousand Dollars ($7,000) of statutory liquidated damages pursuant to 29 U.S.C. § 216(b), and Fifteen Thousand Dollars ($15,000) of attorney's fees and costs incurred by Plaintiff Thompson pursuant to 29 U.S.C. § 216(b).  Plaintiff Belinda Thompson acknowledges that she will be issued a Form 1099 by SRRE and that she is responsible for reporting any and all taxable amounts received in accordance with this Agreement to the Internal Revenue Service ("IRS") and any state or local taxing authority and is responsible for the payment of any federal, state, and/or local tax which Plaintiff Thompson may owe due to the amounts received in this Agreement.  Plaintiff Belinda Thompson further agrees that in the event SRRE is required to pay back taxes, including amounts for Social Security, fines, or assessments, because of Plaintiff Thompson's non-payment of federal, state, and/or local taxes on the

Initial

Initial

amounts paid under this Agreement, Plaintiff Thompson agrees to indemnify SRRE for any such amount.

    1.2    Within five (5) business days of the Effective Date of this Agreement, counsel for Plaintiff Thompson and Defendant SRRE shall jointly file a stipulated application to stay the Civil Action for sixty (60) days pending approval of this Agreement by the District Court ("Stipulation for Stay") in order to notify the District Court of the status of this matter. The Stipulation for Stay shall indicate that upon approval of this Agreement by the District Court, the Parties shall either (1) file a proposed Order and Stipulation of Dismissal with Prejudice ("Dismissal Order") or (2) that the Court will enter a stipulated judgment in the amount of $29,000, if the District Court prefers to resolve the Removed Civil Action by stipulated final judgment. Counsel for Plaintiff Thompson and Defendant SRRE shall file a Motion for Approval of this Agreement by the District Court within five (5) business days of the Parties' execution of this Agreement.

    1.3    Within five (5) business days of Defendant SRRE's payment of the full Settlement Amount specified in Section 1.1 above, counsel for the Parties shall execute a proposed Order and Stipulation of Dismissal with Prejudice ("Dismissal Order"), unless the District Court prefers to resolve the Removed Civil Action by stipulated final judgment. In the event that Dismissal Order is not entered by the District Court within thirty (30) days of service upon the District Court, the Parties agree and acknowledge that the Civil Action is dismissed with prejudice, and that the District Court retains jurisdiction to enforce the terms of the Agreement.

Initial

Initial

SECTION 2:  Release of Claims

2.1     Effective upon Plaintiff Thompson's receipt of the Settlement Amount in full, Plaintiff Thompson, on behalf of herself and her attorneys, agents, heirs, executors, administrators, representatives, successors, and assigns, hereby releases and forever discharges Defendant, and the directors, officers, shareholders, members, partners, employees, attorneys, agents, predecessors, successors, and assigns of Defendant, and all other persons or entities related to them (parents, affiliates, and subsidiaries), past or present, and each of them, of and from any and all rights, claims, debts, demands, liabilities, awards, obligations, attorneys' fees, actions, and causes of action, of every nature, kind, character and description whatsoever, that she now holds, or has ever held or ever could have held, against such released entities and persons, whether such claims are known or reasonably should be known, suspected or unsuspected, direct or indirect, which are related to or arise from the conduct, facts, and legal claims of the causes of action in the Removed Civil Action, or which are mentioned or suggested in any pleadings or documents filed or exchanged in the Removed Civil Action, or which are related to or arise under the Fair Labor Standards Act.  This release extends to all claims held by Plaintiff Thompson related to or arising from the conduct, facts, and legal claims of the causes of action in the Removed Civil Action and the Fair Labor Standards Act. The foregoing release does not apply to and shall not affect the obligations created by this Agreement.

To the extent allowed by law, Plaintiff Thompson, on behalf of herself and her attorneys, agents, heirs, executors, administrators, representatives, successors, and

Initial _____

Initial _____

assigns, agrees to indemnify and hold harmless Defendant SRRE, and the directors, officers, shareholders, members, partners, employees, attorneys, agents, predecessors, successors, and assigns of Defendant of and from any and all losses, claims, liabilities, actions, causes of action, judgments, verdicts, awards, demands, costs, fees or expenses of whatsoever kind or nature arising as a result of, or pertaining in any way to the claims and controversies released herein relating to the Fair Labor Standards Act, including without limitation all liability, actions, judgments, costs, expenses and counsel fees.

2.2     Effective upon Plaintiff Thompson's receipt of the Settlement Amount in full, Defendant SRRE, on behalf of itself and its attorneys, directors, officers, members, managers, agents, administrators, representatives, successors, and assigns, hereby releases and forever discharges Plaintiff, and the partners, employees, attorneys, agents, predecessors, successors, and assigns of Plaintiff, and all other persons or entities related to them (parents, affiliates, and subsidiaries), past or present, and each of them, of and from any and all rights, claims, debts, demands, liabilities, awards, obligations, attorneys' fees, actions, and causes of action, of every nature, kind, character and description whatsoever, that they now hold, or have ever held or ever could have held, against such released entities and persons, whether such claims are known or reasonably should be known, suspected or unsuspected, direct or indirect, which are related to or arise from the conduct, facts, and legal claims of the causes of action in the Removed Civil Action, or which are mentioned or suggested in any pleadings or documents filed or exchanged in the Removed Civil Action, or which otherwise exist beyond of the scope of the Removed Civil Action. This release extends to all claims held by Defendant related to or arising

Initial

Initial

from the conduct, facts, and legal claims of the causes of action in the Removed Civil Action.   The foregoing release does not apply to and shall not affect the obligations created by this Agreement.

    2.3    The Parties each represent and warrant that:

    (a)    no other person or entity has any interest in the claims, demands, obligations, or causes of action referred to in the release of this Section 2;

    (b)    it has the right and exclusive authority to execute the release of this Section 2 and receive the sum, if applicable, herein;

    (c)    it has not sold, assigned, transferred, conveyed or otherwise disposed of any claims, demands, obligations, or causes of action referred to in the release of this Section 2; and

    (d)    it is unaware of any claims or causes of action against the other Party other than those claims and causes of action asserted in the Removed Civil Action or that otherwise exist beyond of the scope of the Removed Civil Action, including claims for attorneys' fees, costs, and the like with respect to the Removed Civil Action. It is the intent of the Parties that, by this Agreement, each Party shall release the other of all claims which exist at the time this Agreement is executed, whether or not said claims are related to, or incorporated in, the Civil Action.

SECTION 3:  Warranty Against Transfer

    3.1    Each Party agrees to indemnify, defend, and hold the other harmless from any liabilities, losses, claims, demands, costs, expenses or attorney fees incurred by the other as the result of a breach of any of the warranties set forth in Section 2.3 above.

Initial

Initial

SECTION 4:  Cooperation

4.1     The Parties agree, upon request, to take such other action and to execute and deliver such other documents as may be necessary to carry out the terms of this Agreement as set forth herein.

4.2     This Agreement shall be (a) binding and enforceable against any and all heirs, executors, administrators, successors and assigns of each of the Parties hereto, and (b) inure to the benefit of, and be enforceable by, any and all heirs, executors, administrators, successors and assigns of each of the Parties hereto.

SECTION 5:  Assumption of Risk

5.1     Each Party hereto understands that if any fact with respect to any matter covered by this Agreement is found to be other than, or different from, the facts now believed by the Party to be true, it expressly accepts and assumes the risk of such possible differences in facts, and agrees that this Agreement shall be, and remain, in effect notwithstanding such differences in fact.

5.2     The Parties recognize that they may have some claim, demand, or cause of action against each other related to or arising from the conduct, facts, and legal claims of the causes of action in the Removed Civil Action, or arising from conduct or facts unrelated to the Removed Civil Action, of which they reasonably should be aware of and which they are giving up by execution of this Agreement pursuant to the releases in Section 2.  It is the intention of the Parties in executing this Agreement that it will deprive them of each such claim, demand or cause of action and prevent the Parties from asserting such causes of action against each other as provided in Section 2.  This Section

Initial

Initial

Page 8 of 12

5 is only an acknowledgment of the Parties' rights, obligations, and understanding with respect to the releases contained in this Agreement and does not operate as a separate release nor modify the releases of Section 2.

SECTION 6:  Severability

6.1    The provisions of this Agreement are not severable, and should the District Court refuse to approve this Agreement, it shall be void and unenforceable and the Parties shall be required to present a new settlement agreement to the District Court for approval or continue to litigate the case.

SECTION 7:  Applicable Law

7.1    This Agreement shall be construed, governed by, and administered in accordance with the laws of the State of Georgia, without regard to conflicts-of-law rules or principles.  Any and all litigation under this Agreement shall be conducted only in the District Court.

SECTION 8:  Warranty of Authority to Execute

8.1    Each Party hereto represents and warrants that its attorneys are authorized and directed to perform the acts necessary to effect the settlement.

8.2    Any person signing this Agreement on behalf of any entity represents and warrants that he or she is authorized by that entity to sign this Agreement on its behalf.

SECTION 9:  Representations as to Negotiation Process

9.1    Each Party hereto represents and warrants: that it is entering into this Agreement in settlement of an employment dispute and pending litigation; that it has been fully advised by counsel of its choice regarding the effect which the execution of

Initial

Initial

this Agreement will have on its rights and obligation; that its representative executing this Agreement has read, knows and understands the contents of this Agreement; that its representative has executed the Agreement voluntarily; and that it fully understands that no one on behalf of any Party may ever again proceed against the releasees with respect to any of the claims released hereinabove.

SECTION 10:  No Reliance

10.1     By executing this Agreement, the Parties represent and acknowledge that they do not rely and have not relied upon any representation or statement not set forth in this Agreement. This Agreement sets forth the entire agreement between the Parties with respect to the matter set forth herein.  The Parties each acknowledge that no Party, nor any agent or attorney of any Party, has made any promise, representation or warranty whatsoever, express or implied, not contained herein to induce any other Party to execute this Agreement.  The Parties, and each of them, further represent and declare that they have carefully read this Agreement and know the contents hereof, and that they sign the same freely and voluntarily.

SECTION 11: No Admission of Liability

11.1     All Parties hereto expressly understand and agree that this is a "SETTLEMENT AND COMPROMISE" of disputed claims and the Parties deny any wrongdoing or liability of any kind whatsoever; and that said Agreement shall not be construed as an admission of liability on the part of any Party hereto.

Initial

Initial

Page 10 of 12

SECTION 12: Joint Drafting and Neutral Interpretation

12.1    This Agreement shall be construed and interpreted in a neutral manner. This Agreement is a negotiated document and shall be deemed to have been drafted jointly by the Parties, and no rule of construction or interpretation shall apply against any particular Party based on a contention that the Agreement was drafted by one of the Parties.

SECTION 13:  Amendment and Modification

13.1    This Agreement may neither be modified nor amended except in a writing executed by all Parties hereto.

SECTION 14:  Counterparts

14.1    This Agreement may be executed in counterparts, all of which, taken together, shall be deemed one original.

BY EXECUTING THIS AGREEMENT, EACH SIGNATOR ACKNOWLEDGES THAT HE OR SHE HAS READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS AND PROVISIONS, AND IS AUTHORIZED TO BIND THE PARTY ON WHOSE BEHALF HE OR SHE IS SIGNING.

*[SIGNATURES FOLLOW ON NEXT PAGE]*

Initial

Initial

Page 11 of 12

This Agreement shall become effective upon execution by all Parties.  This Agreement consists of twelve (12) pages.


BELINDA THOMPSON

Dated: 10-17-2012                    By: _____
                                          BELINDA THOMPSON


SHANNON ROLLINGS REAL
ESTATE, LLC

Dated: 10-16-2012                    By: _____
                                          ROBERT ROLLINGS
                                          Authorized Representative


Initial _____
Initial _____
Page 12 of 12

Tucker, Everitt, Long, Brewton & Lanier
P. O. Box 2426
Augusta, GA 30903
(706) 722-0771
Tax I.D. #58 1099690

October 16, 2012

S T A T E M E N T


Belinda Thompson
524 Grant Avenue
North Augusta, SC 29841

RE:   Belinda Thompson v.
      Shannon Rollings Real Estate, LLC
      File No. 12135-JWB

Professional Fees

| Date | | Description | Hours |
|---|---|---|---|
| 5/1/12 | JB | Initial telephone conference and meeting with Ms. Thompson; review of Secretary of State information re. defendant; telephone conference with former employee of defendant re. pay | 1.50 |
| 5/2/12 | JB | Research on federal law - USC.; C.F.R. and DOL materials regarding FLSA (Fair Labor Standards Act) violation; review of laws and regulations regarding same | 4.00 |
| 5/3/12 | JB | FLSA case specific research related to closing coordinators or similar positions | 1.00 |
| 5/7/12 | JB | Correspondence with Belinda Thompson re. case | 0.20 |
| 5/8/12 | JB | Telephone conference with Belinda Thompson re. case and paycheck | 0.30 |
| 5/11/12 | JB | Meeting with client re. claims and gathering items for evidence | 1.00 |
| 5/17/12 | JB | Review of cases that address overtime for "closing" agents | 1.00 |
| 5/21/12 | JB | Telephone conference with Belinda Thompson re. items emailed for claim/demand letter | 0.20 |
| 5/23/12 | JB | Draft demand letter and research for same | 2.30 |
| 5/25/12 | JB | Finalize demand letter and making revisions to same; email to client re. final pay stub; telephone | |

EXHIBIT

B

|  |  | conference with client re. letter | 2.80 |
|---|---|---|---|
| 6/18/12 | JB | Research for Complaint on FLSA laws; drafting Complaint | 3.20 |
| 6/19/12 | JB | Revisions to Complaint; preparing Complaint and forms for filing with the Court; email filed documents to Ms. Thompson | 1.20 |
| 7/5/12 | JB | Drafting discovery; correspondence to Ms. Thompson re. evidence and emails from others | 3.50 |
| 7/16/12 | JB | Research on proper corporation services on registered agent and venue based on location of registered agent | 0.90 |
| 7/20/12 | JB | Reviewing documents related to defenses asserted; review of Federal venue statue as related to venue defense raised n answer; email to client re. answer | 1.20 |
| 7/24/12 | JB | Call with Dorothy Hogg re. suit and planning conference | 0.20 |
| 7/26/12 | JB | Meeting with client re. phone records and gathering other documents | 0.30 |
| 7/27/12 | JB | Reviewing orders from Court, reviewing local rules and calendaring dates; drafting Rule 3.2 and 7.1 disclosures; drafting Litigants Bill of Rights for client review | 1.50 |
| 7/30/12 | JB | Filing 3.2 and 7.1 disclosures with the court; emailing Litigants Bill of Rights to client with explanation of document, rights and which sections to complete | 0.70 |
| 8/1/12 | JB | Phone call with client re. emails, case and pleadings; review of pleadings filed by opposing counsel with the court | 0.50 |
| 8/2/12 | JB | Research on subpoenas for case, including 100 mile rule, service requirements, notice to opposing counsel; pulling form subpoena from Court website for use | 1.00 |
| 8/3/12 | JB | Meeting with client re. Litigant's Bill of Rights and evidence to be gathered for case | 1.00 |
| 8/4/12 | JB | Preparing subpoenas to Tom Murphy and Don White, and letters to same; call with client re. information for subpoenas and letters | 1.10 |
| 8/7/12 | JB | Revising outgoing discovery and formatting for |  |

|          |    |                                                                                                                                                                                                                                                    |      |
|----------|----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|          |    | Federal Court due to removal of case from State Court; emails to/from client re. information for discovery requests; joint report and joint planning conference preparation; preparing letter and subpoena to Wesley Fountain                        | 2.50 |
| 8/8/12   | JB | Email to opposing counsel re. 26(f) conference with draft of 26(f) report and settlement demand; joint planning conference; having subpoena to Fountain sent; reviewing revised report from opposing counsel; filing report with Court; reviewing discovery requests to plaintiff | 2.70 |
| 8/10/12  | JB | Email to client re. items needed for initial disclosures                                                                                                                                                                                           | 0.50 |
| 8/13/12  | JB | Phone call with client re. MLS sheets and information; subpoena to David Huguenin for discounts and letter to David re. subpoena                                                                                                                    | 0.90 |
| 8/16/12  | JB | Call with David Huguenin re. subpoena and emails lost due to system crash                                                                                                                                                                          | 0.20 |
| 8//17/12 | JB | Email to client re. Huguenin issue/email crash; call with client re. initial disclosure issues; reviewing scheduling order and calendaring dates                                                                                                    | 0.50 |
| 8/20/12  | JB | Drafting initial disclosures and gathering information for same                                                                                                                                                                                    | 1.30 |
| 8/21/12  | JB | Calls with client re. witnesses and documents; meeting with client to obtain information for initial disclosures                                                                                                                                   | 0.70 |
| 8/22/12  | JB | Drafting initial disclosures from information received  from client; drafting subpoenas and letters to Wright McLeod and Michael Farmer re. documents; email to Dorothy Hogg with initial disclosures                                               | 3.70 |
| 8/23/12  | JB | Email to client attaching initial disclosures and explaining information needed from client; letter to David Huguenin re. documents and closing files; calls to/from Wright McLeod's office re. documents                                          | 0.80 |
| 8/24/12  | JB | Call with Wright McLeod's office re. documents; documents from David Huguenin and review of documents; call with client re. documents received from David Huguenin                                                                                  | 0.50 |
| 8/30/12  | JB | Meeting with Tom Murphy to obtain emails; review of same; email to client re. documents from Mr. Murphy; email to client re. documents; call and                                                                                                   |      |

|           |     | email to Wesley Fountain re. subpoena and documents; sending runner to get documents from Fountain; review of emails from Fountain | 2.10 |
|-----------|-----|------|------|
| 8/31/12   | JB  | Review of documents from Fountain; email documents to client; email to client re. other potential subpoenas to lenders and other third parties on emails; correspondence with opposing counsel re. settlement; correspondence with client re. offer | 1.50 |
| 9/4/12    | JB  | Documents from Wright McLeod's office; review of documents; documents sent to client; email to opposing counsel re. settlement; call with client re. settlement | 1.20 |
| 9/5/12    | JB  | Emails to/from opposing counsel and client re. settlement | 0.30 |
| 9/6/12    | JB  | Call with client re. settlement offer | 0.20 |
| 9/7/12    | JB  | Email to opposing counsel laying out case and attacking evidence acquired by subpoena and demanding settlement; email to client re. demand; emails to/from opposing counsel re. settlement offer | 2.30 |
| 9/10/12   | JB  | Drafting settlement documents; calls and emails to opposing counsel | 3.50 |
| 9/14/12   | JB  | Revising settlement agreement and email to opposing counsel re. same | 1.00 |
| 9/21/12   | JB  | Final review of settlement agreement and email to Dora Hogg re. same | 0.30 |
| 9/25/12   | JB  | Telephone conference with Dora Hogg re. defendant's requests for a confidentiality clause and a Motion to Seal the settlement agreement; research on confidentiality clauses in FLSA cases | 0.30 |
| 9/26/12   | JB  | Revisions to settlement agreement and email to Dora Hogg re. revisions and research | 0.30 |
| 9/26/12   | JB  | Telephone conference with Dora Hogg re. language in Motion to Seal | 0.30 |
| 9/28/12   | JB  | Review of Motion to Seal from Dora Hogg; research on cited case and email to Dora Hogg re. revision | 0.20 |
| 10/1/12   | JB  | Review of Settlement Agreement with client and execution of same; Settlement Agreement sent to Dora Hogg for filing with Court | 0.40 |

| 10/3/12 | JB | Review of final Motion to Seal; emails to/from Dora Hogg re. motion | 0.30 |
|---|---|---|---|
| 10/5/12 | JB | Draft Motion for Stay and Proposed Order to Stay Case; draft Motion for Approval and Proposed Order; draft sent to Dora Hogg and email to Dora Hogg re. filing of motions; file motions with the Court | 0.90 |
| 10/11/12 | JB | Review of Order from Court denying Settlement Agreement and Motion to Seal; email to opposing counsel re. same | 0.40 |
| 10/12/12 | JB | Review of revised Settlement Agreement from Dora Hogg; made suggested revisions; email to Dora Hogg re. revisions | 0.30 |
| 10/16/12 | JB | Emails to/from opposing counsel re. new signed agreement and contacting client re. coming in to review and sign same | 0.20 |

## Professionals Summary

(Jason W. Blanchard/Attorney) JWB 60.90 hrs. @ $275.00/hr. $16,747.50

Subtotal Professional Fees                     $16,747.50

Disbursements

Clerk, Superior Court Columbia County    $    255.00
Mileage                                  $     16.65
                                         _____

Total Disbursements                      $    271.65

Total current billing                    $17,019.15
                                         _____

Less Courtesy Discount                   <$ 2,019.15>

Total Due                                $15,000.00
                                         =========

LAW OFFICES

**TUCKER, EVERITT, LONG, BREWTON & LANIER**

A PROFESSIONAL ASSOCIATION

P.O. BOX 2426

AUGUSTA, GEORGIA 30903

www.augustalawoffice.com

THOMAS W. TUCKER
JOHN B. LONG
BENJAMIN H. BREWTON
TROY A. LANIER
JON E. INGRAM, JR.
JASON W. BLANCHARD

OFFICE
453 GREENE STREET

TELEPHONE
(706) 722-0771

TELECOPIER
(706) 722-7028

OF COUNSEL
A. MONTAGUE MILLER
A. ZACHRY EVERITT

May 1, 2012

Belinda Thompson
524 Grant Ave.
North Augusta, SC 29841

RE:    Wage and Hour Dispute Adverse to Shannon Rollings Real
Estate, LLC

Dear Belinda,

I enjoyed meeting you, and I look forward to working with you to obtain a favorable resolution in the above-referenced matter.

This will confirm our agreement as to the fees for my services.   My   hourly rate is $275.00 per hour, and paralegal services will be billed at a rate of $85.00 per hour.  As we discussed, I will forward detailed monthly statements which shall not be due until the conclusion of this matter, with my fees, and any other necessary costs, such as filing fees, being deducted from any settlement or award.   No retainer is required in this matter.

I look forward to working with you, and should you ever have any questions or concerns at any time regarding the status of this matter, please do not hesitate to call me.

Yours very truly,

Jason W. Blanchard

Acknowledged by:

Belinda Thompson

**EXHIBIT**

C

# JASON W. BLANCHARD, CPA, Esq.

453 Greene Street, Augusta Georgia 30901 • (706) 722-0771 • jblanchard@thefirm453.com

## EDUCATION
**Mercer University, Walter F. George School of Law,** Macon, GA
J.D., *Magna Cum Laude,* May 2007
Class Standing: Top 7%; Class Rank: 8 of 125
Honors and Activities -
Brainerd Currie Honor Society
Dean's List
Cali Awards for Highest Grade in Employment Law; Securities Regulation; Appellate Practice
and Procedure; and Legal Ethics
*Mercer Law Review,* 2005-2006
Law Review Judging Committee Member for 2006 Write-On Competition
Mercer Moot Court Board 2005-2007; Ruby R. Vale Corporate Law Competition 2006
Mercer Law School Merit Scholarship; Thomas Edward Ryals Scholarship
Attorney-CPA Foundation Scholarship; Supreme Court Historical Society Membership Award

**Augusta State University,** Augusta, GA
B.B.A., Accounting, December 2001, *Cum Laude*
GPA of 4.0 in Accounting
Honors and Activities -
Dean's List
Phi Kappa Phi Honor Society
Georgia Society of CPAs Certificate of Academic Excellence
Georgia Society of CPAs Scholarship

**Maryville College,** Maryville, TN
Business Management Program, August 1997 – May 1999
Honors and Activities -
Dean's List
Maryville College Scholarship
Member of Maryville College Fighting Scots Football Team (NCAA Division III)

## EMPLOYMENT
**Tucker, Everitt, Long, Brewton & Lanier,** Augusta, GA, Associate, February 2012-present
Represent business and individual clients in a broad variety of litigation matters, including
employment, business, commercial, and corporate litigation matters.

**Andersen, Tate & Carr,** Lawrenceville, GA (Largest law firm in Gwinnett County)
Litigation Associate, August 2007-January 2012; Summer Associate, July-August 2006
Represented clients in employment litigation, complex commercial litigation, real estate
litigation, and appellate litigation. Employment experience also included drafting of policies,
agreements, and counseling. Have argued before Georgia Supreme Court and other Georgia
Courts, including first chair jury trial experience.



EXHIBIT

D

Jason W. Blanchard
Page 2

**Summer Law Clerk to Justice Hugh P. Thompson,** Supreme Court of Georgia
May 2006 – July 2006
Conducted legal research; composed bench briefs and submit briefs; drafted opinions

**Hull, Towill, Norman, Barrett & Salley,** Augusta, GA
Summer Associate, July 2005 – August 2005
Conducted legal research; composed legal memos; assisted with depositions and
witness preparation for full service firm

## ADMISSIONS
Supreme Court of Georgia; Georgia Court of Appeals; U.S. District Court for the Northern
District of Georgia; U.S. District Court for the Southern District of Georgia

## ACCOUNTING BACKGROUND & EMPLOYMENT
Licensed CPA since 2003; passed all four parts of Uniform CPA exam on first attempt

**Medical College of Georgia Health Inc.,** Augusta, GA
Internal Auditor, June 2003 – July 2004
Planned and performed audits; prepared internal audit reports for Director of
Internal Auditing; utilized ACL data extraction software during audits and
special projects

**Cherry, Bekaert & Holland, LLP,** Augusta, GA (Large regional accounting firm)
Senior Accountant, July 2001 – June 2003
Planned and performed external audits; prepared GAAP financial statements and
footnote disclosures; scheduled and conducted physical counts of inventory; utilized ACL data
extraction software during audits of hospitals; assisted on IRS audit and fraud investigation
using ACL. Worked full time while finishing college.

## COMMUNITY ACTIVITIES
Fundraiser for American Cancer Society's Relay for Life (Gwinnett County)
Mock Trial Coach – South Gwinnett High School & Grayson High School
Young Professionals of Augusta (YPA) – member
Young Lawyers of Augusta - member

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BELINDA THOMPSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File Number |
| v. | ) | |
| | ) | CV112-102 |
| SHANNON ROLLINGS REAL ESTATE, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon review of the Settlement Agreement and supporting documents submitted by the Parties for the review and approval of the Court, IT IS HEREBY ORDERED that the Settlement Agreement entered into between the Plaintiff and Defendant in the above captioned matter is a fair and reasonable compromise of a bona fide dispute involving the Fair Labor Standards Act.

This __ day of _____, 2012.

_____
Judge J. Randal Hall
United States District Judge for the Southern
District of Georgia

1

EXHIBIT

E