IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BELINDA THOMPSON, | * | |
| Plaintiff, | * | |
| v. | * | CV 112-102 |
| SHANNON ROLLINGS REAL ESTATE, LLC | * | |
| Defendant. | * | |

## O R D E R

Presently pending before the Court is the parties' Joint Motion for Approval of Settlement Agreement. (Doc. no. 20.)

The parties' joint motion to approve a settlement of Plaintiff's claims is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-209. The FLSA was enacted with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981). Because workers and employers often experience great inequalities of bargaining power, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of FLSA's minimum employee protections. Id.

Accordingly, FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptional circumstances. Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor, and therefore is inapplicable to the proposed settlement in this case. See id. at 1353.

The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). In such an instance, the parties must present the proposed settlement to the Court, and the Court may approve the settlement "after scrutinizing the settlement for fairness." Id. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id.

In this case, Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and her employer. After a thorough review of the parties' settlement agreement, along with an

2

examination of the allegations contained in Plaintiff's complaint, it appears that (1) the parties are in fact engaged in a bona fide dispute as to FLSA coverage and the amount of overtime hours claimed and (2) the settlement is fair and reasonable. Additionally, the documents submitted indicate that the attorney's fee was agreed upon separately and without regard to the amount paid to Plaintiff. See Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009); Martin v. Huddle House, Inc., No. 2:10-CV-0082-WCO, 2011 WL 611625, at *2 (N.D. Ga. Feb. 11, 2005). Further, the release provision of the settlement covers only actions related to or arising under the FLSA and is therefore neither pervasive nor unfair. See Webb v. CVS Caremark Corp., No. 5:11-CV-106-CAR, 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011).

Accordingly, the parties' joint motion for approval of the settlement agreement (doc. no. 20) is **GRANTED**, and the settlement agreement is **APPROVED**. As a result, the parties' joint motion to stay discovery pending approval of the settlement (doc. no. 21) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of November, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA